mately be determined to be due to the landlords for rent of the premises or for the use and occupation thereof from February 1, 1961 up to the date of the said determination. If the petitioner is so advised he may make an application to file an appropriate bond in lieu of making the aforesaid payments in court. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. LLOYD FLOURNOY. (B) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM HARRIS. (C) THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL ERCEG. (D) THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT MIDDLETON. (E) THE PEOPLE OF THE STATE OF NEW YORK v. HEZEKIEL MOORE. (F) THE PEOPLE OF THE STATE OF NEW YORK v. ISIDORE BRANHAM. (G) THE PEOPLE OF THE STATE OF NEW YORK v. EUGENE SCOTT. (H) THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL J. FUREY. (I) THE PEOPLE OF THE STATE OF NEW YORK v. RADISLAW BLAZIC. (J) THE PEOPLE OF THE STATE OF NEW YORK v. WALTER WESTON.— [In each action] Enlargement of time granted. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the Matter of the Accounting of ALFRED GOLDBERG, as Administrator. ANNA KRAMER.— Motion for an order striking proceeding from the May 1961 Term Enumerated Calendar of this court and for an extension of time to file briefs granted only insofar as to adjourn the argument or submission of the appeal to the September 1961 Term of this court and to extend the petitioner-respondent's time to serve and file her respondent's points to and including August 30, 1961. The appellant's request for an order requiring the respondent to file security for costs is denied. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.

## (April 25, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID MARYANOV, Appellant.— Judgment of conviction unanimously affirmed. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ JOSEPH GOTTLIEB, Respondent, v. PARK AVENUE OFFICES, INC., et al., Defendants, and LA SALA CONTRACTING CO., INC., Appellant. PARK AVENUE OFFICES, INC., Third-Party Plaintiff, v. LA SALA CONTRACTING COMPANY, INC., Third-Party Defendant.— Judgment for plaintiff against defendant-appellant La Sala Contracting Co., unanimously reversed upon the law and upon the facts, and the complaint dismissed, with costs to defendant-appellant. The removal by appellant, a mason subcontractor, of the permanently bricked-in louvers, leaving open and unguarded the shaft into which plaintiff fell, was at the direction of plaintiff as assistant superintendent of the general contractor. Such direction was given and complied with in order that the work could be corrected by the installation of the louvers on proper frames as called for by the plans and specifications. The result was that, in the course of the work, the shafts were left open and unguarded. The appellant is alleged to have been negligent in this connection, but the unguarded condition of the shaft openings was open and obvious. The plaintiff, fully aware of the same, was injured when he fell down one of the shafts while he and the appellant (through a foreman) were engaged in the very work of remedying the alleged dangerous condition. The accident happened while the plaintiff and the appellant's foreman were jointly engaged in the task of placing planks as temporary barricades across the openings. Under the circumstances, it is clear that plaintiff, as an assistant superintendent of the general contractor and in charge of the work at the place of the accident, was in the performance of his duties when he was